**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| UNITED STATES, | | |
| | Plaintiff, | **Case No.** MC 05034 |
| v. | | |
| DONNIE G. and SLETTA A. HENSLEY, dba HENSLEY'S AUTO WRECKING-TOWING -SALES, | | PRELIMINARY ORDER ON PETITION FOR JUDICIAL LEVY ON A PRINCIPAL RESIDENCE |
| | Defendant. | |

THIS MATTER was initiated by the U.S. Department of Justice. Plaintiff petitions for Judicial Approval of Levy upon a Principal Residence (Doc.1). The petition is accompanied by the supporting Declaration of IRS Officer Anthony Hughes (Doc 2). The undersigned issued an Order to Show Cause on December 30, 2004, directing defendants to file any objections to the Petition (Doc 4). The Order was reissued on February 11, 2005, scheduling a hearing April 1, 2005 (Doc 5,6). The court extended the hearing until April 15, 2005 to enable the defendants additional time to file their response. Both a response and reply were thereafter filed. Pursuant to a subsequent stipulation by the parties, the matter was rescheduled for June 3, 2005 (Doc 13, 14).

The parties appeared this date, June 3, 2005. Petitioner was represented by Richard Latterell, Tax

ORDER
Page - 1

Division, U.S. Department of Justice.  Defendants appeared personally, pro se.  The court heard oral argument from Richard Latterell on behalf of the plaintiff and Sletta Hensley on behalf of the defendants. The argument was electronically transcribed (Courtroom D/Session 20050603).   Additionally the court has reviewed all written materials submitted in support of and in response to said petition.

### Relief Sought by Petitioner.

Petitioner seeks authority to levy administratively upon the principal residence of defendants pursuant to 28 U.S.C. 1340, and 26 U.S.C. 6334(e)(1), 7404(a), on the basis that the levy is (a) to satisfy a liability in excess of $5,000; and (b) approved in writing by a United States District Court Judge or Magistrate Judge.

To obtain the court's approval plaintiff must establish (a) that the liability is owed; (b) the requirements of any applicable law or administrative procedure relevant to the levy have been met; and (c) no reasonable alternative for the collection of the taxpayers' debt exists.

a. *Is the liability owed*?  The sworn declaration of Anthony Hughes, Revenue Officer for the Internal Revenue Service substantiates the government's claim in the sum of $38,162 as of February 9, 2004.  Petitioner alleges that there is no requirement they establish the merits of the liability in this court so long as it has been determined in accordance with administrative procedures.  Assuming that to be true, this would not preclude the defendants from asserting all or partial satisfaction of the debt by way of appropriate credits.

 In their written response defendants appear to challenge the liability based on (1) a lack of this court's jurisdiction, and (2) failure of the government to credit the liability with the proceeds of property already seized.   At oral argument, presented by defendant Sletta Hensley, jurisdiction was the sole defense offered and no mention was made of the alleged seizure or failure to credit.   The petitioner makes no mention of any seizure or credit and fails to address this subject in their reply.

b. *Have legal and administrative requirements been met?*  This court adopts as true the allegations In the petition, declaration, and reply  regarding the prerequisite requirements for imposition of the levy.

Defendants offer no meaningful argument against this conclusion.  Rather, they claim not to be "taxpayers"as defined by the Internal Revenue Code.

    c. *Is there a reasonable alternative for collection of the taxpayers debt?*  The declaration of Anthony Hughes states that "the Internal Revenue Service has attempted to satisfy this liability from assets other than the Property, and no reasonable alternatives exist to satisfy the unpaid tax liabilities . . ."  No alternatives for collection have been proposed by the defendant.

### Defendants Position

As referenced above the defendants essentially raise two issues.  In their written response and at oral argument the major thrust of defendants argument is that this court has no jurisdiction to consider the matter, thereby mooting the questions of the amount due and the levy against the principal residence.  Plaintiff's argument regarding the jurisdiction of this court and their status as "taxpayers" is without merit.

The issue of the alleged collection through levying against other properties is raised in the written response but was not mentioned in oral argument.

The court will allow the defendants until July 10, 2005 to submit by way of sworn declaration and exhibits any information they wish this court to consider substantiating their claim that the debt has been satisfied by earlier collection or seizure.   If evidence is produced, the petitioner shall have 20 days to respond.  Defendants shall have 15 days thereafter to reply.  Thereafter,  this court will render a  Report and Recommendation to the District Court.

June 3, 2005

    ____*/s/ J. Kelley Arnold*_____
    J. Kelley Arnold, U.S. Magistrate Judge